**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 28, 2015

LETTER TO COUNSEL

      RE:    *Warren Gair v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-3652

Dear Counsel:

      On November 20, 2014, Plaintiff Warren Gair petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Gair's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Gair filed a claim for Disability Insurance Benefits ("DIB") February 15, 2011. (Tr. 144-45). He alleged a disability onset date of September 3, 2010. (Tr. 144-45). His claim was denied initially and on reconsideration. (Tr. 53-79, 84-90). A hearing was held on September 19, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 21-52). Following the hearing, the ALJ determined that Mr. Gair was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-20). The Appeals Council denied Mr. Gair's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Gair suffered from the severe impairments of status-post left tibia fracture and open reduction internal fixation (ORIF); degenerative disc disease; status-post lumbar fusion; substance abuse; and mood disorder. (Tr. 13). Despite these impairments, the ALJ determined that Mr. Gair retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he can only frequently operate foot controls with the left foot; only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; never climbing ladders, ropes or scaffolds. Further, the claimant needs to avoid concentrated exposure to extreme cold, excessive vibration, hazardous moving machinery and unprotected heights. Further, he is only able to perform simple, routine, repetitive tasks in a low stress environment, defined as one with no strict production quotas; and he

      can only occasionally and superficially interact with the public, coworkers and supervisors.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Gair could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 19-20).

      On appeal, Mr. Gair argues that the ALJ failed to accord adequate weight to the opinion of Lawrence Shin, M.D., one of Mr. Gair's treating physicians. I find that this argument lacks merit. Furthermore, I have reviewed the ALJ's decision under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), regarding Mr. Gair's moderate limitation in concentration, persistence, or pace, and find no error warranting remand.

      Regarding Dr. Shin's opinion, I find that the ALJ provided adequate explanation for assigning the opinion "modest weight." (Tr. 18). In weighing medical opinions, an ALJ is to consider a host of factors including examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. § 404.1527. The opinions of treating physicians are generally given greater weight than the opinion of examining physicians because they are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)…" *Id.* When a treating source's opinion is not given controlling weight, the other factors are applied to determine the appropriate weight to give the opinion. *Id.* In the instant case, the ALJ provided a thorough discussion of Dr. Shin's opinion of Mr. Gair's physical limitations, as well as his treatment notes, throughout the decision. In assigning Dr. Shin's opinion modest weight, the ALJ particularly took issue with his opinion that Mr. Gair was limited to sitting for no more than 20 minutes a time for a total of less than two hours per day. (Tr. 17-18). The ALJ noted Dr. Shin's finding that Mr. Gair had "excellent fusion" at the sacrolumbar junction and a normal physical examination in the record.[1] (Tr. 16, 18). He also noted Mr. Gair's reports that his pain improved, from a 7/10 rating to a 3/10 rating, with the use of medication. (Tr. 17). Accordingly, I find that the ALJ properly applied the factors outlined in the Social Security regulations, and provided substantial evidence in assigning modest weight to Dr. Shin's opinion. Thus, I find no reason for remand regarding the ALJ's analysis of Dr. Shin's opinion.

      Turning to Mr. Gair's mental impairments, the Fourth Circuit held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (citation omitted). The Court reasoned that "the ability to perform simple tasks differs from the ability to stay on task." *Id.* However, the Court noted that an ALJ might be able to cure the error by explaining why the limitation to simple work addresses the claimant's moderate limitation in

---

[1] Both parties acknowledge that the normal physical examination was conducted by Dr. Kalanzy, not Dr. Shin as stated by the ALJ. Pl. Mem. 10; Def. Mem. 14. I find the discrepancy to be harmless error. Although the examination was conducted by a different physician and was predicated on Mr. Gair seeking treatment for pharyngitis, it is nevertheless apparent that the treating physician conducted a full physical examination of Mr. Gair, who denied any back pain or neck pain at that time. (Tr. 397-98).

concentration, persistence, or pace. *Id.* In the instant case, Mr. Gair has severe mental impairments of substance abuse and mood disorder, and the ALJ found that he has a moderate limitation in maintaining concentration, persistence, or pace. (Tr. 13-14). Related to his mental impairments, the ALJ found that Mr. Gair was limited to "perform[ing] simple, routine, repetitive tasks in a low stress environment, defined as one with no strict production quotas; and he can only occasionally and superficially interact with the public, coworkers and supervisors." (Tr. 15). Based on the parameters of *Mascio*, 780 F.3d 632, I find that the ALJ adequately accounted for Mr. Gair's moderate limitation in concentration, persistence, or pace by limiting him to work with no strict production quotas. By assuring that Mr. Gair is not required to produce any particular volume of work-product, the ALJ accounted for any time that Mr. Gair would be off-task due to his limited ability to stay focused. Accordingly, I find no error warranting remand under *Mascio*.

For the reasons set forth herein, Mr. Gair's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge